Tbe opinion of tbe Court was delivered by
DargAN, Ch.
This is a bill for tbe specific delivery of a negro, (Jim,) in tbe possession of tbe defendant. Tbe plaintiffs allege that Jim was tbe child of Juda, who bad been given by tbe late Mrs. Elizabeth Earle, to her daughter, Mrs. Sarah Yancey, tbe wife of tbe complainant, William L. Yancey. In a former suit between tbe same parties, tbe complainants bad recovered, by a decree of this Court, from this defendant, tbe negroes, Juda, and Noah, a younger son of Juda; but tbe name of Jim was omitted in tbe bill, and .be was not .recovered in that case. The plaintiffs explain in théir bill, that tbe name of Jim was omitted by tbe inadvertence of tbe solicitor, who drafted tbe bill. Tbe omission is not otherwise explained.
*431 After tbe termination, of tbat case, tbe defendant, still refusing to deliver Jim, tbe plaintiffs brought this suit for tbe specific delivery of Jim. On tbe bearing of tbe cause at June term, 1857, it was “adjudged and decreed, tbat tbe slave, Jim, tbe child of Juda, be delivered up to tbe complainants by tbe defendant, Charles B. Stone, and tbat tbe .said slave belongs to tbe complainants.”
From this decree, tbe defendant has appealed on four ■grounds, which will be considered in order. It will be convenient to take up tbe two first grounds of appeal to be considered together; they are as follows:
1. Because, it is respectfully submitted, tbat tbe Court erred in receiving tbe testimony taken on tbe trial of a former case between tbe same parties in relation to two other slaves, without giving tbe defendant tbe advantage of cross-examining tbe said witnesses.
2. Because, tbe proof offered did not establish a gift of tbe boy, Jim, but was vague and uncertain.
Tbe suit alluded to, in tbe first ground of appeal, is tbat to which I have already referred, as having been tried between tbe same parties for Juda and her younger son, Noah. Tbe evidence taken in tbat case was, as is assumed in this appeal, admitted in evidence on the last trial. To make such evidence properly admissible, tbe suit must be between tbe same parties, or their privies, and relate to tbe same subject matter: tbe witness must be dead, absent from tbe State, or kept away by the contrivance of tbe adverse party; even then tbe notes of tbe testimony cannot as such be read in evidence. What a witness has testified to on a former trial, must be proved by a witness who beard tbe examination, and be must speak from memory. He may look at notes taken by himself or any other person to refresh bis memory, but be must then testify from a revived, recollection of bis own mind. Measured by these stringent rules, tbe evidence taken on tbe former *432 trial was incompetent, and should have been rejected. If there had been no other testimony, the bill should have been dismissed.
But there was other testimony taken on the last trial, which was competent, and which goes to establish the gift of Juda by Mrs. Earle to Mrs. Yancey, before the birth of Jim. And of course, if the gift of Juda is proved, the right to Jim follows. Partus sequitur ventrera.
Some part of the evidence regularly taken on the trial, has not been printed in the brief. Whether any part of the omitted testimony bears upon the question of the gift, I am unable to say. But the Court sees enough in the evidence before it to sustain the decree of the Circuit Court.
The third ground of appeal is in the following words :
“ Because the possession of Jim by the defendant from the date of his intestate’s death was adverse to the complainants, and they were barred by the statute of limitations.”
The plaintiffs being inhabitants of another State, were entitled to five years, in which to bring suit before the statute operates as a bar. I do not think that they are entitled to five years and nine months.' The owner of a chattel may bring his action for it against one who is in possession, and refuses on demand to deliver it up. His refusal is a conversion, and subjects him to an action of trover. Though he may have acquired the possession by virtue of his administration, he is not sued in his representative ¡character. He is sued personally, as a wrong doer, in consequence of his conversion of the property. The torts of his intestate are gone. Actio personalis moritur cum persona. A person not an inhabitant of the State is barred simply in five years. The disability to sue executors and administrators, for nine months relates to causes of action arising ex contractu.
But with this interpretation of the Act are the complainants barred ? Mrs. Earle died in February, 1852, and this bill *433 was'filed 25tb May, 1857. Was tbe possession of Mrs. Earle adverse ? and if bers was permissive, could that of ber legal representative be otherwise, unless be bad advertised tbe plaintiffs of bis intention to bold adversely, or did some act, coming to tbeir knowledge, manifesting tbe adverse character of his possession ? We are not informed as to these questions. But when did tbe defendant take possession of tbe negro ? How long after Mrs. Earle’s death ? No one has testified as to this fact. Tbe party who sets up tbe bar of tbe statute to an otherwise just claim, must prove strictly that be is entitled to its protection. But tbe defendant did not take out letters of administration on tbe estate of Mrs. Earle, until tbe 14th day of January, A. D., 1853. Before that time, be bad no right to take possession of tbe negroes as the property of bis intestate, and in, tbe absence of all other proof, we must presume be did not take possession until that date. If bis possession commenced at that time, tbe plaintiffs’ right to sue is not barred.
Tbe defendant’s fourth ground of appeal is,—
4. “ Because tbe complainants, by suing in tbe former case-for Juda and Noah alone, and prosecuting their case to a recovery, waived all claim to Jim, and were precluded from making any further claim.”
Tbe Court perceives no force in this objection. Tbe omission to include Jim in tbe former suit, independent of any proof, probably occurred in tbe way in which it has been explained in tbe plaintiffs’ bill. But whether tbe omission was by accident or caprice, I do not see bow it can be of itself a waiver, or a transfer of title. ■
It is ordered and decreed that tbe circuit decree be affirmed, and tbe appeal dismissed.
DuNKiN and Wardlaw, CC., concurred.
JOHNSTON, Ch., absent.

Appeal dismissed.